USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

HILLEL NAHMAD,

    Defendant.

- - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF
FORFEITURE/MONEY JUDGMENT

13 Cr. 268 (JMF)

    WHEREAS, on or about April 11, 2013, HILLEL NAHMAD (the "Defendant"), was charged in Counts Three, Four, Nine, Ten, Twelve and Fifteen of a twenty-seven count Indictment, 13 Cr. 268 (JMF) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count Three); racketeering, in violation of Title 18, United States Code, Section 1962 (c) (Count Four); operating an illegal sports gambling business from in or about 2006 through in or about April 2013, in violation of Title 18, United States Code, Sections 1955 and 2 (Count Nine); transmission of sports wagering information, in violation of Title 18, United States Code 1084 and 2 (Count Ten); participating in a money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(h) (Count Twelve); and wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count fifteen);

WHEREAS, the Indictment included forfeiture allegations seeking, *inter alia*, the forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, constituting, and derived from, proceeds obtained directly or indirectly as a result of operating an illegal sports gambling business as alleged in Count Nine of the Indictment, and, pursuant to Title 18, United States Code 1955(d), any property, including money, used in said offense;

WHEREAS, on or about November 12, 2013, the Defendant pled guilty to Count Nine of the Indictment and admitted the forfeiture allegations, pursuant to a plea agreement with the Government in which he agreed to forfeit to the United States a sum of money equal to $6,427,000 representing the amount of proceeds obtained as a result of the offense charged in Count Nine of the Indictment, and all right, title and interest of the Defendant in the following specific Property:

   (i) The painting *Carnaval a` Nice*, 1937 by Raoul Dufy (the "Specific Property");

WHEREAS, the Defendant consents to the entry of money judgment in the amount of $6,427,000 and to the forfeiture all right, title and interest in the Specific Property;

WHEREAS, pursuant to the plea agreement, the Defendant agrees to pay $6,427,000 to the United States by the time of sentencing, in satisfaction of the money judgment;

WHEREAS, the Defendant agrees that the Specific Property is forfeitable to the United States because the Specific Property was used in the offense charged in Count Nine of the Indictment;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture becoming final as to his interests in the Specific Property prior to sentencing; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Joshua A. Naftalis, of counsel, and the Defendant, and his counsel, Paul Shechtman, Esq. and Benjamin Brafman, Esq., that:

1. As a result of the offense charged in Count Nine of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $6,427,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. The Defendant shall pay $6,427,000 to the United States in satisfaction of the money judgment by the time of sentencing, in the manner set forth in paragraph 9 below.

3. As a result of the offense charged in Count Nine of the Indictment, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject provisions of 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, this order is final as to the Defendant HILLEL NAHMAD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of the conviction therewith.

4. Upon entry of this Consent Preliminary Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules

G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture. Any person, other than the defendant in this case, claiming an interest in the Subject Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

10. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of

forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sharon Cohen Levin, Chief of Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

14. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but

all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____  11/8/13
JOSHUA A. NAFTALIS          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2310

HILLEL NAHMAD
DEFENDANT

By: _____  11-12-13
HILLEL NAHMAD              DATE

By: _____  11-12-13
PAUL SHECHTMAN, ESQ.       DATE
Attorney for Defendant
1185 Avenue of the Americas, 31st Floor
New York, NY 10036

BY: _____  11-12-13
BENJAMIN BRAFMAN, ESQ.     DATE
Attorney for Defendant
767 Third Avenue, 26th Floor
New York, NY 10017

SO ORDERED:

_____  11/12/13
HONORABLE JESSE M. FURMAN  DATE
UNITED STATES DISTRICT JUDGE